UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| GEORGE ALLEN PINER and ) <br> CATHERINE MARY PINER, ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> PNC BANK, NATIONAL ASSOCIATION, ) <br> ) <br> ) <br>         , ) <br>     Defendant. ) <br> _____) | Bankruptcy Case No.: 14-04491-5-SWH <br><br><br><br> AP. Case No.: 16-00013-5-SWH-AP |

**PLAINTIFFS'**
**FIRST SET OF INTERROGATORIES AND**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TO DEFENDANT:   PNC BANK, NATIONAL ASSOCIATION

BY SERVING:   Andrew Lopez
                      McGuireWoods LLP
                      201 North Tryon Street
                      Suite 3000
                      Charlotte, NC  28202-2146

    PLAINTIFFS in the above-captioned action, by and through counsel, herewith serve upon Defendant PNC BANK, National Association the following written Interrogatories and Request for Production of Documents pursuant to Rule 33 and Rule 34 of the Federal Rules of Civil Procedure as provided for and set forth in the foregoing rules.  Answers to these Interrogatories and Request for Production of Documents are due within thirty (30) days of the service of these Interrogatories and Request for Production of Documents.

    The definitions and instructions set forth below are incorporated by reference in the following interrogatories and document requests.  As said Defendant is a national association, Defendant is required to select such officer, agent or employee of the entity as can furnish such information in answer to each Interrogatory as is available to Defendant.  Defendant is hereby advised that the Interrogatories and the Request for Production of Documents contained herein are continuing in nature until the date of trial and that Defendant is required to serve supplemental answers and responses as additional information may become available to Defendant.  Defendant is

further advised that all information and documents requested herein are to be divulged whether in the possession of Defendant or Defendant's attorneys, investigators, agents, employees, assigns, or any other representative of Defendant or Defendant's attorneys.

## DEFINITIONS and INSTRUCTIONS

Please read these definitions and instructions carefully and comply with them in your responses to this discovery.

1. "Defendant," "you," "your, " "PNC BANK, NATIONAL ASSOCIATION" and "PNC" shall mean Defendant PNC BANK, NATIONAL ASSOCIATION, and shall include said Defendant's predecessors, successors, subsidiaries, affiliates, joint ventures, officers, agents, employees and assigns.

2. "Plaintiffs" shall mean Plaintiffs George Allen Piner and/or Catherine Mary Piner.

3. "Person" means any individual of either sex, firm, corporation, unincorporated association, partnership, or any other group however organized.

4. "Complaint" means the Complaint and any Amended Complaint filed by Plaintiffs in this action.

5. "Answer" means your Answer and any Amended Answer filed in this action.

6. "Identify" when used with respect to a <u>natural person</u> and/or when asked to state the name of a particular person or persons, you should state such person's full name, present or last known employer, business and home addresses and telephone numbers and the relationship of such person to the matters addressed herein.

7. "Identify" with respect to any <u>corporation, association, partnership, firm, organization, governmental agency or body, or any division, department, or unit thereof</u>, shall mean to state to the extent known its full name, principal office address, and all business affiliations relating to the subject of the Interrogatory and the identity of the party or other persons on whose behalf such entity or entities acted at the time in question.

8. "Identify" when used with respect to a <u>document</u>, means to provide a description that is sufficiently specific to enable a request for production of such a document pursuant to Rule 34, the name and address of its custodian, a brief summary of the subject matter of the document, the name and address of the person to whom the document is addressed (including all persons to whom copies were provided), and the date of the document.

9. "Identify" with respect to any <u>communication, statement, event, circumstance, representation, conversation, meeting, transaction, occasion or other occurrence</u>, shall mean to state to the extent known the date and place thereof; the approximate duration; the name, business address, job title and responsibilities of each person who participated therein or witnessed or heard any part thereof; the method of communication employed; the person who initiated the communication; the substance of the communication and the identity of all documents relating thereto. If no person initiated the <u>communication, statement, event,</u>

2

<u>circumstance, representation, conversation, meeting, transaction, occasion or other occurrence</u>, identify the program or system that generated or caused the <u>communication, statement, event, circumstance, representation, conversation, meeting, transaction, occasion or other occurrence</u> to happen.

10. The word "document" or "documents" when used herein shall include, without limitation: the original, a copy if the original is not available, and all non-identical copies of such documents (whether different from the original because of notes made on or attached to such copy or otherwise) whether or not in the possession, custody or control of you and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, reports, annual reports, records, minutes, meeting notices, agendas and summaries, studies, research and reports, lists, computer records, memoranda, notes, correspondence, schedules, sound recordings, films, transcripts of telephone conversations or other conversations or conferences, books, pamphlets, letters, personal notes, telegraphic messages, carbon copies, electronic data files, computer programs, computer files, electronic data storage devices, or other data compilation from which information can be obtained, data sheets, financial statements, cancelled and un-cancelled checks, drafts, certificates of deposit, invoices, accounting statements, tickets, expense records, vouchers, working papers, drafts of contracts, drafts of letters, charts, printings, airplane tickets, flight plans, income tax returns, phonograph records, maps, plats, microfilms, microfiches, microprints, photographic negatives, photographic prints or slides, receipts, drawings, deposit slips, banking records, journals, account books, telephone logs, telephone message records, time slips or any other form of writing or record of any kind. Documents produced shall include both paper copies *and* electronic or digital files if the items are maintained in digital or electronic format.

11. "Document" shall include official corporate documents as well as documents maintained personally in handwriting, electronically or otherwise by any director, officer, employee, associate or agent thereof.

12. To the extent Defendant seeks to withhold any information or documents on the basis that such information or documents are protected by the attorney-client, work product or other privilege, Plaintiffs request that Defendant produce a privilege log in addition to other responsive documents which sets forth: (1) the nature of the information or author of the document withheld on that basis; (2) the date such information or document was authored; (3) the relationship of the author to Defendant; (4) all persons to whom the information or document was addressed and/or delivered; and (5) a brief description of the information or document which does not disclose any purported confidential information.

13. Where appropriate, the use of the singular shall include the plural, the use of the plural shall include the singular and the use of the masculine shall include the feminine.

14. The use of the word "or" shall mean "and" as well as "or."

15. "Evidence" means any fact or facts which tend(s) to support a particular allegation, assertion, or denial made by you, and it includes any fact or facts that you intend to rely

upon in any manner to prove or establish a particular allegation, assertion, or denial made by you.

16. "Tends to support" or "support" means any degree of support, even if the supportive or probative value is considered negligible by you or your attorneys.

17. "HAMP" means Home Affordable Modification Program.

18. All requests made by Plaintiffs herein shall be deemed continuing in nature so as to require supplemental answers and responses by Defendant between the time such answers and responses are served and the time of trial in accordance with Rule 26 of the North Carolina Rules of Civil Procedure. Such supplemental answers and responses are to be served upon Plaintiffs within thirty (30) days after receipt of such information.

19. When an Interrogatory asks for specific information, such as a date or an amount, and the specific information requested is not known to you, such Interrogatory shall be deemed to ask you to approximate the information requested as best you can, provided that you indicate in your response that the information being provided is an approximation or is incomplete in certain specific respects.

20. When, after a reasonable and thorough investigation using due diligence, you are unable to answer any part of an Interrogatory because of lack of information available to you, specify in full and complete detail the type of information which you claim is not available to you and what has been done by you to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of the Interrogatory, set forth the facts upon which such knowledge or belief is based, and identify the person who has or is likely to have the information which you claim is not available.

21. "Plaintiffs' loan" shall mean the Promissory Note and Deed of Trust executed by Plaintiffs on May 12, 2008 in favor of RBC Bank North Carolina and all related negotiations, applications, transactions and documents.

22. The "real property" or "property" refers to the real property that is the subject of the litigation as identified in the Complaint which is known as 332 Bristol Road, Wilmington, North Carolina and is more fully described in the Complaint.

23. "Servicer" shall mean PNC and/or PNC Mortgage and shall include all divisions, departments, predecessors, successors, subsidiaries, affiliates, joint ventures, officers, agents, sub-servicers, employees and assigns.

## PLAINTIFFS'

### FIRST SET OF INTERROGATORIES
### TO FEDERAL NATIONAL MORTGAGE ASSOCIATION

1. Identify each person who has knowledge or information related to the subject matter of the present action, and for each person, provide a summary of the knowledge or information which they possess or which you believe them to possess.

    RESPONSE:

2. Identify any logs, notation system, composite digital system, paper, screens or other documents or records routinely maintained by agents or employees of any of your sections, divisions or departments that reflect dates and content of any telephonic, written or other communications with Defendant PNC regarding Plaintiffs' application for a mortgage loan modification.

    RESPONSE:

3. Identify any logs, notation system, composite digital system, paper, screens or other documents or records routinely maintained by agents or employees of any of your sections, divisions or departments that reflect dates and content of any telephonic, written or other communications with PNC regarding Plaintiffs' mortgage loan obligations on and after May 1, 2014.

   RESPONSE:

4. Identify any documents, logs, notations or other records of any communications between the Plaintiffs and PNC regarding stopping their automated mortgage payment to PNC on and after May, 2014.

   RESPONSE:

5. State whether or not Fannie Mae owned Plaintiffs' loan in May of 2014.

   RESPONSE:

6.     If the answer to the previous Interrogatory is negative, state whether or not the loan was part of a mortgage-backed security pool.

    RESPONSE:

7.     If the answer to the Interrogatory No. 8 is affirmative, identify the investment pool that included Plaintiffs' loan.

    RESPONSE:

8.     Identify by name, title and business address all persons who participated in preparing the responses to these Interrogatories and specify the nature of their participation and the content for which each was responsible.

    RESPONSE:

**<u>PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO FEDERAL NATIONAL MORTGAGE ASSOCIATION</u>**

1. Produce any and all documents identified in your response to any Interrogatory.

    RESPONSE:

This the 30th day of August, 2016.

        THE LAW OFFICES OF CHRIS VONDERAU, PLLC.

        By:    /s/ Christopher T. Vonderau
              NC Bar No.:  25019
              Christopher T. Vonderau
              4022 Shipyard Blvd. #101
              Wilmington, NC  28403
              910-202-3110
              NCLaw98B@Gmail.com

        *Attorney for Plaintiffs*